**STATE of Maine**

**v.**

**Frederick LAWLESS, Sr.**

Supreme Judicial Court of Maine.

June 1, 1978.

---

Michael D. Seitzinger (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Richard M. Dostie (orally), Belfast, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

On January 24, 1977, defendant Frederick Lawless, Sr., was charged in separate indictments in the Superior Court (Waldo County) with the offenses of aggravated assault (17–A M.R.S.A. § 208) and terrorizing (17–A M.R.S.A. § 210). The indictments were consolidated for trial, and in a jury trial held in August 1977 defendant was found guilty, as charged, of each offense.

We deny defendant's appeal from the judgment of conviction.

### 1.

Contrary to defendant's claim of inadequate evidence to convict, we find that the evidence was sufficient to support each conviction.

On November 26, 1976 defendant, armed with a rifle, entered a store in Prospect, Maine, loaded the rifle, pointed it at Robert Hill and then threatened to pull the trigger and blow Hill's head off unless Hill got down on his knees. Hill refused to obey,

and as defendant was preparing to release the safety on the rifle James Hessapelis, the owner of the store, tried to grab the rifle or deflect it. Defendant swung around and with the butt of the rifle struck Hessapelis in the jaw.

Defendant's contention is that several discrepancies in the testimony as to the events above-described rendered the evidence too unreliable to provide a rational basis for excluding reasonable doubts. We reject the argument. Such discrepancies as there were related only to incidental matters, such as the time of day when the alleged offenses were committed and the location of defendant's companion while the incident was occurring. The eight persons who witnessed some or all of the events testified without significant discrepancies about the essential facts underlying the two convictions. In any event, however,

> "[t]he credence to be given to witnesses, [and] the resolution of conflicts and inconsistencies existing in the testimony of witnesses . . . are all matters for the jury to settle." *State v. Fournier*, Me., 267 A.2d 638, 641 (1970)

### 2.

Defendant's only other point on appeal is that the presiding Justice erred in choosing to give the following instruction to the jury:

> "Now, there are a couple of matters I have to cover here, too, and I don't mean in any way to interfere with your sole province of determining the facts, but I have to say a couple of things as to why this might be applicable or not in your thinking, and it is solely to give you the law; and when you get to that area in deciding it, you decide the facts. There was testimony. It is for you to say what happened, what testimony is reliable and what isn't. There was perhaps some testimony concerning whether or not one person tried to move a rifle from where it was aimed or to take it away from someone or to grab it in some way. Now, on that, to prevent any confusion from existing, I want to read you something from

the statutes. It says that a private person . . . acting on his own is justified in using force when he reasonably believes such force is necessary to defend himself or a third person from what he reasonably believes to be the imminent use of deadly force. He is justified in using force to prevent that. Another way of putting it, another section says a person is justified in using force upon another person when he reasonably believes it necessary and he reasonably believes such other person is about to use unlawful deadly force against himself or a third person. I've put that in the charge because that you should know is a right that all private people have, given those circumstances."

Defendant's claim is that the instruction was unnecessary, and by giving it gratuitously the presiding Justice harmed the defendant's case. Defendant makes the point that he had not sought to justify his conduct on grounds of self-defense and had raised no issue about the right of a third person to intervene by the use of force to protect the safety of another. Throughout the trial defendant's position was that he denied outright that he possessed, or used, a rifle. Thus, says defendant the instruction directed the attention of the jury to a state of facts relevant only if defendant's position in the case was rejected, and it thereby prejudiced defendant by indicating to the jury that the presiding Justice did not accept defendant's theory of the case.

The argument is patently unsound. While,

> "mere abstract principles of law, although correct, should not be given unless they are applicable to the facts in evidence", *State v. Cookson*, Me., 293 A.2d 780, 782 (1972),

on the evidence, here, the jury would have been justified in finding, contrary to defendant's position, that defendant did in fact possess a rifle and did use it. The presiding Justice was entitled to anticipate that since the jury could make such findings, the jury might become concerned about the extent to which the law allows a

third person to intervene by the use of force to protect the safety of another. The ". . . presiding justice may properly lay down the rule of law applicable to the facts as the jury may find them . . ." *State v. Cox*, 138 Me. 151, 168, 23 A.2d 634, 643 (1941).

Moreover, in this instance the presiding Justice took special precaution to warn the jury that when he instructed on the law applicable to various issues as potentially generated by the evidence, he was not to be taken as expressing an opinion regarding any fact at issue.

The entry is:

Appeal denied.

Judgments affirmed.

NICHOLS, J., did not sit.